UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROBERT CROOMS, JR.**               **DOCKET NO. 6:24-cv-1594**

**VERSUS**                           **JUDGE ROBERT R. SUMMERHAYS**

**SHEILA CLAVIER**                   **MAGISTRATE JUDGE WHITEHURST**

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Robert Crooms, Jr., who is proceeding pro se and *in forma pauperis* in this matter.

For reasons stated below IT IS RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

I.   Background

Plaintiff brings the instant suit against Sheila Clavier, alleging that Ms. Clavier "knowingly submitted and stated fraudulent information to the Abbeville Police Department in disregard of a knowing truth." Doc. 1, p. 3. He complains that his character was defamed. *Id*. "For humiliation, pain and suffering, loss of wages," he seeks monetary damages in the amount of $60,000.00. *Id*. at p. 4.

II.  Law & Analysis

*A. Frivolity Review*

Crooms has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. Gonzalez v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); Bradley v. Puckett, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Application*

Under § 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994) (quoting *Baker v. McCollan,* 99 S. Ct. 2689, 2694, n.3 (1979)). To state a claim of relief under § 1983, the plaintiff must allege that defendants were persons acting under color of state law who deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S.

Ct. 977, 985 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). A private person or non-state actor may also be liable under § 1983 if there is some proof of an overt joint action taken with the State or one of its agents, to violate his constitutional rights. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993); *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

Plaintiff's claims against Clavier are barred because she is not a state actor, nor has plaintiff provided any proof of an overt joint action taken with the State or one of its agents to violate his constitutional rights.

Moreover, it is well established that there is no constitutional right to be free from defamation or slander. *See Paul v. Davis*, 424 U.S. 693 (1976) (recognizing that, while a state may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *See Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir. 1980); *Mowbray v. Cameron County, Tex.,* 274 F.3d 269, 277 (5th Cir. 2001); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

### III.   Conclusion

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 10th day of January, 2025.

_(signature)_
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE